**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of The Owl Club of     }
St. Albans, Inc.                  }
                                  }   Docket No. 116-8-01 Vtec
                                  }
                                  }

## Decision and Order

Appellant Owl Club of St. Albans appealed from a decision of the Development Review Board (DRB) of the City of St. Albans, denying approval of an entryway addition to a building at 13 Maiden Lane.

Appellant is represented by Arthur A. Heald, Esq.; the City of St. Albans is represented by Robert E. Farrar, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law, and made oral argument on the record. Upon consideration of the evidence, the site visit, and the written and oral argument and proposed findings, the Court finds and concludes as follows.

The Owl Club building is located at the corner of Congress Street and Maiden Lane in the Traditional Downtown St. Albans Design Control District I. It is a contributing building to the St. Albans Historic District, as shown in Exhibit 7 (in which modern, non-contributing buildings are marked with an X, which the key designates as A intrusions@ ). There are modern buildings across the street. Section 801(E) of the Land Development Regulations provides that within the Historic District A special provision shall be given to preserve the character of the historic buildings and to encourage compatibility of new development with the historic architectural qualities.@

The front part of Appellant= s building is an historic mid-nineteenth-century brick building with a large wrap-around roofed porch extending along its westerly (Maiden Lane) and southerly sides. The wrap-around porch has spindle railings and roof trim, turned post detailing and solid brackets. The historic brick building and wrap-around porch is an existing building of historic and architectural significance.

Attached to the historic building on its easterly side is a much larger modern addition built in 1982 and repaired in 1991 and 1993 under permits from the City. The addition has a peaked roof, grey shingles, white vinyl clapboard-look siding and dark shutters, to blend in with the historic structure as far as possible with modern materials. The addition extends considerably farther to the south on the lot than does the historic structure. The addition was built and repaired prior to the adoption of the zoning regulations regarding the design control district.

Appellant constructed the entryway addition at issue in this case in April of 2001, without first obtaining a permit to do so. After being notified that it needed a permit, Appellant applied for a permit for the as-built construction of the entryway addition, and to complete the entryway addition.

The entryway addition is 5 feet square, and extends out from the front door of the historic portion of the building entirely within and under the roof of the historic covered porch. It is intended to prevent cold drafts of air from coming into the building when the front door is opened and closed. The entryway addition is covered in so-called T-111 plywood siding, which is plywood

mechanically processed with shallow saw kerfs to give the appearance, when painted, of approximately six-inch-wide boards laid edge to edge. The plywood is installed to give the appearance of vertically-installed boards. Plain narrow board trim, approximately three inches wide, is installed along the edges of the entryway addition (corners, bottom edge and door frame). A door had not been installed on the front of the addition; we do not know whether the door on the addition was intended to carry the design of the original door, fanlights or sidelights forward into the entryway addition.

As designed, the entryway addition fails to meet ' 805(A)(2) of the Land Development Regulations, in that its T-111 siding and plain molding, and its shape, size and placement fail to be harmonious with and fail to complement the proportions, materials and design of the historic building and especially its porch. We note in particular that the standards of the design review criteria relate to the effect of the entryway addition on the building itself and on the historic district, not to the > character of the neighborhood,= which does include some modern buildings.

In addition, as designed, the entryway addition fails to meet ' 805(A)(1) of the Land Development Regulations, in that it does not follow the guidelines of <u>The Secretary of the Interior= s Standards for Rehabilitation and Guidelines for Rehabilitation of Historic Buildings</u>, in particular pages 28-29. In particular, the entryway addition obscures and radically changes the entrance and the porch which is important in defining the overall historic character of the building so that, as a result, the character is diminished. Further, the entryway addition fails to use historic materials or compatible substitute materials and details to retain the functional and decorative features of the entrance.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the design and appearance of the entryway is not approved. However, Appellant is free to propose an entryway addition with the same air-lock or draft-prevention function, but designed to have an appearance, materials, detailing and a front door, sidelights and/or fanlight compatible with the historic nature of the original building and its porch.

Dated at Barre, Vermont, this 19th day of February, 2002.


_____
Merideth Wright
Environmental Judge